IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| W.L., IV, AS NEXT FRIEND OF W.L.,V, A MINOR; | § § § § | |
| *Plaintiff,* | § § | SA-19-CV-00607-FB |
| vs. | § § | |
| SCOTT ASH JAMES ZIRUS, CAMP STEWART FOR BOYS INC., AMERICAN INSTITUTE FOR FOREIGN STUDY INC., | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court is the above-styled and numbered cause of action, which was referred to the undersigned on August 12, 2019 for all pretrial proceedings [#14]. On August 28, 2019, Plaintiff and Defendants Camp Stewart for Boys, Inc. and American Institute for Foreign Study, Inc. appeared through counsel, at an initial pretrial conference. Defendant Scott Ash James Zirius, who is currently incarcerated at the French M. Robertson Unit of the Texas Department of Criminal Justice ("TDCJ") in Abilene, Texas, did not appear. The Court had previously ordered that Zirius is granted the ability to appear telephonically at all court settings in this case and ordered TDCJ to permit him to call the Court at the scheduled conference time [#19]. It is not clear to the Court whether Zirius's absence was due to actions of TDCJ or some other reason. Accordingly, the Court will order Zirius to file an advisory indicating why he did not appear at the conference and explaining whether he had any issues with TDCJ in attempting to join the conference call.

At the conference, the Court also addressed Zirius's Motion for Appointment of Counsel [#11]. The Court will deny Zirius's request for counsel at this time but without prejudice to refiling such a motion if this case proceeds to trial.

There is no automatic right to the appointment of counsel in a civil lawsuit. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Rather, a district court has discretion to appoint counsel based on the type and complexity of the case presented and the abilities of the individual pursuing it. *Id.*; *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). A district court is not required to appoint counsel in the absence of "exceptional circumstances" indicating it would be an abuse of discretion not to do so. *Cupit*, 835 F.2d at 86.

Zirius has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate due to the nature of this case and his relative abilities to present his claims in this Court. In fact, Zirius has demonstrated an ability to represent himself and his interests beyond the capabilities of some licensed attorneys practicing in this Court. Accordingly, the appointment of counsel is not warranted at this time. If this case proceeds to trial, Zirius may file a motion for the appointment of trial counsel.

**IT IS THEREFORE ORDERED** that Zirius's Motion for Appointment of Counsel [#11] is **DENIED**.

**IT IS FURTHER ORDERED** that Zirius file an advisory indicating why he did not appear at the scheduled conference and whether he had any issues with TDCJ in attempting to contact the Court on or before **September 12, 2019**.

**IT IS SO ORDERED.**

SIGNED this 30th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE