IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| W.L., IV, AS NEXT FRIEND OF W.L.,V, A MINOR; | § § § § § § § § § § § § § § § | |
| *Plaintiff,* | | SA-19-CV-00607-FB |
| vs. | | |
| SCOTT ASH JAMES ZIRUS, CAMP STEWART FOR BOYS INC., AMERICAN INSTITUTE FOR FOREIGN STUDY INC., | | |
| *Defendants.* | | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion to Dismiss [#20] filed by Defendant Scott Ash James Zirus, proceeding *pro se*. In issuing this report and recommendation on Defendant's motion, the undersigned has also considered Plaintiffs' Response [#21] and Defendant's Reply [#28]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#14]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be denied.

## I. Background

This case arises out of the alleged sexual abuse of W.L., V ("W.L.") while he attended overnight summer camp at Camp Stewart for Boys in the summer of 2009. W.L. was seven years old at the time of the events underlying this lawsuit. Plaintiff, W.L.'s father, filed this

lawsuit on W.L.'s behalf against Defendant Scott Ash James Zirius ("Zirius") (the counselor who allegedly perpetrated the abuse), Camp Stewart for Boys ("Camp Stewart"), and the American Institute for Foreign Study d/b/a Camp America ("Camp America") (the job-placement organization that hired Zirius for employment at Camp Stewart). Zirius, an Australian citizen, is currently serving a 40-year sentence after pleading guilty to sexually abusing other young boys while working at Camp Stewart in 2009. Plaintiff alleges that Zirius repeatedly sexually abused W.L. during the camp session by crawling into W.L.'s bed at night or having W.L. join Zirius in his own bunk. Plaintiff claims that Camp Stewart and Camp America both ignored their own stated policies of checking the references and backgrounds of all applicants for camp counselor positions. If they had done so, Plaintiff alleges that it would have been discovered that Zirius had failed to provide the required authentic references, had no work experience other than running a business that took boys on camping trips, and had blogged extensively about a religion he created espousing love between children and adults.

Plaintiff sues Zirius for the Texas tort claims of assault and battery and intentional infliction of emotional distress, as well as aggravated sexual abuse in violation of 18 U.S.C. § 2241(c). Plaintiff sues Camp Stewart for fraud, negligent misrepresentation, negligence, and breach of fiduciary duty and sues Camp America for negligence. Zirius filed a counterclaim against Plaintiff, alleging "abuse of process" and claiming that Plaintiff is using this civil proceeding for the improper purpose of harassment and infliction of emotional distress due to the unlikelihood of recovering from Zirius for W.L.'s alleged damages.

Zirius now moves to dismiss Plaintiff's federal cause of action under 18 U.S.C. § 2241(c) and tort claims for failure to state a claim. The motion is ripe for the Court's review.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570. For this reason, motions to dismiss are disfavored and rarely granted. *Kaiser Aluminum & Chem. Sales. Inc. v. Avondale Shipyards. Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

## III. Analysis

The Court should deny Zirius's motion to dismiss. Zirius moves for dismissal of Plaintiff's claim under 18 U.S.C. § 2241(c), arguing that Plaintiff's Complaint does not allege

facts that constitute a "sexual act" as defined under the statute and that Plaintiff's factual allegations are conclusory. Zirius also argues that the Court does not have jurisdiction over Plaintiff's state-law claims. These arguments are without merit.

Federal law creates a civil private right of action to any victim suffering personal injury from the acts of an individual who crosses state lines with the intent to engage in a sexual act with a minor under age 12. 18 U.S.C. § 2241(c) (setting forth elements of aggravated sexual abuse of a child); 18 U.S.C. § 2255(a) (providing for a private right of action to remedy violations of 18 U.S.C. § 2241(c)). The term "sexual act" is defined, among other definitions, as:

> the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person . . . .

18 U.S.C.A. § 2246(2)(D). Plaintiff's Complaint alleges that W.L. was "sexually abused by Zirius on several occasions." (Compl. [#1] at ¶ 7.) Plaintiff states that "W.L. reported Zirius would crawl into his bed during the night or have him join Zirius in his own bunk. While there, Zirius would touch W.L.'s genitals and whisper that he loved him. W.L. reported that Zirius would often masturbate while he was holding him." (*Id.*) Zirius argues that "[s]elf-masturbation, even while allegedly holding a child, is NOT a 'Sexual Act' as defined by 18 U.S.C. § 2246(2)" and the allegation that Zirius "would touch W.L.'s genitals" is conclusory. (Mot. to Dismiss [#20] at 1.) Zirius believes that to state a claim under Section 2241, Plaintiff must expressly allege that Zirius was masturbating *while* touching W.L.'s genitals, rather than masturbating while merely holding W.L., and must expressly state that the touching involved skin-to-skin contact. (Reply [#28] at 1.)

The Court should reject Zirius's arguments. Plaintiff's Complaint alleges all the required elements of a "sexual act" as defined by the applicable statute: an intentional touching of the

genitals of W.L., who was at the time a minor of age seven, with the intent to arouse the sexual desire of Zirius, who masturbated during the encounters. *See* 18 U.S.C. § 2246(2)(D). The fact that Plaintiff did not recite the language of the statute and expressly allege that the touching was "intentional" and "not through clothing" is not fatal to Plaintiff's claim of sexual abuse. Plaintiff alleges that Zirius touched his genitals, not that Zirius touched his shirt or his pants or his underwear or that the touching was inadvertent or accidental. (Compl. [#1] at ¶ 7.) Nothing more is required to state a claim under 18 U.S.C. § 2241(c).

Finally, this Court has supplemental jurisdiction over Plaintiff's state-law causes of action because these claims are part of the same case or controversy as the underlying federal claim. *See* 28 U.S.C. § 1367(a) (establishing federal jurisdiction over related state-law claims where the federal court otherwise has original jurisdiction). Plaintiff alleges that Zirius subjected W.L. to assault and battery and intentional infliction of emotional distress during the sexual-abuse encounters detailed in the Complaint. Plaintiff also alleges that the tortious acts of Camp Stewart and Camp America placed W.L. at risk of the sexual abuse by Zirius that underlies Plaintiff's federal cause of action. These claims are all part of the same case or controversy, and the Court has jurisdiction over Plaintiff's federal and state claims.

### IV. Conclusion and Recommendation

Having considered Zirius's motion, the response and reply thereto, the pleadings, and governing law, the undersigned recommends that Motion to Dismiss [#20] filed by Defendant Scott Ash James Zirius be **DENIED**.

### V. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

5

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. А party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of September, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE