IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| W.L., IV, AS NEXT FRIEND OF W.L.,V, A MINOR; | § § § § | |
| *Plaintiff,* | § § | SA-19-CV-00607-FB |
| vs. | § § | |
| SCOTT ASH JAMES ZIRUS, CAMP STEWART FOR BOYS INC., AMERICAN INSTITUTE FOR FOREIGN STUDY INC., | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Defendant Scott Ash James Zirus's Application to Proceed In Forma Pauperis on Appeal [#47]. By his motion, Zirus asks the Court to waive all costs associated with his appeal of the District Court's Order denying his Motion to Dismiss [#42]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion [#47] be **DENIED**.

## I. Analysis

The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3). According to Rule 24, a party to a district court action who desires to proceed IFP on appeal must file a motion in the district court. Fed. R. App. P. 24(a). The movant is required to attach an affidavit to the motion that shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal. *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous. *Howard v. King*, 107 F.2d 215, 220 (5th Cir. 1983). Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The affidavit Zirus filed with the Court confirms his inability to pay the costs associated with this appeal due to his current incarceration. However, the Court should still deny his motion because he is attempting to appeal a non-appealable interlocutory order over which there is no appellate jurisdiction. The courts of appeals only have jurisdiction over final decisions, judgments, orders, and decrees. 28 U.S.C. § 158(d). An order denying a motion to dismiss is not appealable because it is not a final order within the meaning of 28 U.S.C. § 158(d). *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 848 (5th Cir. 1991). The Fifth Circuit therefore lacks jurisdiction over Zirus's appeal of the denial of his motion to dismiss. Therefore, Zirus's appeal is not taken in good faith.

## II.  Conclusion and Recommendation

For the reasons discussed above, the undersigned recommends that the District Court certify that Plaintiff's appeal is not taken in good faith and **DENY** Defendant Scott Ash James Zirus's Application to Proceed In Forma Pauperis on Appeal [#47].

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

2

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 4th day of November, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE