IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| W.L., IV, AS NEXT FRIEND OF W.L.,V, A MINOR; | § § § § § § § § § § § § § § | |
| *Plaintiff,* | | SA-19-CV-00607-FB |
| vs. | | |
| SCOTT ASH JAMES ZIRUS, CAMP STEWART FOR BOYS INC., AMERICAN INSTITUTE FOR FOREIGN STUDY INC., | | |
| *Defendants.* | | |

## **ORDER**

Before the Court in the above-styled cause of action is Defendant Zirus's Motion Seeking Order to Compel Plaintiff to Produce Requested Discovery Documents and Sanction Plaintiff for Unreasonable Objections or Dismiss Plaintiff's Claims against Defendant Zirus [#69]. By his motion, Defendant Scott Ash James Zirus, proceeding *pro se*, asks the Court to order Plaintiff W.L., IV, as Next Friend of W.L., V., a Minor, to turn over documents and records in response to discovery served on Plaintiff by Zirus on December 1, 2019. According to Zirus, Plaintiff has not produced any discovery and has raised numerous objections to Zirus's requests. In response to Zirus's motion, Plaintiff reiterates his objections to Zirus's requested discovery and asks the Court to sustain his objections and deny Zirus's motion in full. (Resp. [#70].) For the reasons set forth below, the Court will deny the motion.

### **I. Background**

This case arises out of the alleged sexual abuse of W.L., V ("W.L.") while he attended overnight summer camp at Camp Stewart for Boys in the summer of 2009. W.L. was seven

1

years old at the time of the events underlying this lawsuit. Plaintiff, W.L.'s father, filed this lawsuit on W.L.'s behalf against Defendant Scott Ash James Zirus ("Zirus") (the counselor who allegedly perpetrated the abuse), Camp Stewart for Boys ("Camp Stewart"), and the American Institute for Foreign Study d/b/a Camp America ("Camp America") (the job-placement organization that hired Zirus for employment at Camp Stewart). Zirus, an Australian citizen, is currently serving a 40-year sentence after pleading guilty to sexually abusing other young boys while working at Camp Stewart in 2009. Plaintiff alleges that Zirus repeatedly sexually abused W.L. during the camp session by crawling into W.L.'s bed at night or having W.L. join Zirus in his own bunk. Plaintiff claims that Camp Stewart and Camp America both ignored their own stated policies of checking the references and backgrounds of all applicants for camp counselor positions. If they had done so, Plaintiff alleges that it would have been discovered that Zirus had failed to provide the required authentic references, had no work experience other than running a business that took boys on camping trips, and had blogged extensively about a religion he created espousing love between children and adults.

Plaintiff sues Zirus for the Texas tort claims of assault and battery and intentional infliction of emotional distress, as well as aggravated sexual abuse in violation of 18 U.S.C. § 2241(c). Plaintiff sues Camp Stewart for fraud, negligent misrepresentation, negligence, and breach of fiduciary duty and sues Camp America for negligence. Zirus filed a counterclaim against Plaintiff, alleging "abuse of process" and claiming that Plaintiff is using this civil proceeding for the improper purpose of harassment and infliction of emotional distress due to the unlikelihood of recovering from Zirus for W.L.'s alleged damages.

Zirus is currently incarcerated at the Texas Department of Criminal Justice's Robertson Unit and is proceeding *pro se* in this action. The record reflects that Zirus sent Plaintiff a

discovery request on December 1, 2019, styled First Request to Plaintiff for Production of Documents and Electronically Stored Information Pursuant to Federal Rules of Procedure Rule 34(a)(1)(A). (Discovery Request [#69] at 15–17.) Zirus's request asks for a copy of all electronically stored information itemized in Plaintiff's initial disclosures, including documents, exhibits, writings, photographs, images, sound recordings, video recordings, drawings, and other data. (*Id.* at 15.) Zirus further asks for a copy of all interviews, depositions, responses to subpoenas, and exhibits to depositions, whether in written or audio/video form, as to a list of over 40 potential witnesses. (*Id.*) Zirus also requests:

- A copy of all of W.L.'s school reports, records, and photos from Pre-K to present;

- A copy of any forensic interview of W.L.;

- A copy of all journal or diary entries made by W.L. from 2007 to present;

- A copy of all letters and artwork created by W.L. while at Camp Stewart for Boys from 2008 through present;

- A copy of all photos and videos of W.L. at Camp Stewart from 2008 to present;

- A list of W.L.'s school friends from Pre-K through present and their contact details;

- A list of W.L.'s boyfriends or girlfriends and their contact details;

- A list of W.L.'s coaches, scout leaders, after-school caretakers, and extra-curricular activity leaders/coordinators and their contact details;

- A list of all cabin leader and activity counselors assigned to the same cabin as W.L. at any summer camp between 2008 to present and their contact details;

- A copy of any Facebook or social media account/profile belonging to W.L. and his father including all photos, friends lists, posts, messages.

- A copy of W.L.'s father's personal and business tax returns and records for the past 10 years;

- A copy of W.L.'s father's credit report;

3

- A copy of all written communications (emails, letters, etc.) between W.L.'s father and Camp Stewart for Boys and its employees.

(*Id.* at 16.) To date, Plaintiff has not provided any of the requested documents in response to the served discovery.

By his motion to compel, Zirus asks the Court to order Plaintiff to turn over all responsive documents and records, sanction Plaintiff for unreasonable objections to the served discovery, and dismiss Plaintiff's claims against Zirus if the Court finds Plaintiff's failure to cooperate was in bad faith. In response, Plaintiff stands on his objections to the discovery as overbroad and burdensome and clearly intended to harass Plaintiff. Plaintiff maintains that the overarching concern about the requested discovery is that it would place sensitive and intimate information about W.L. into the hands of a self-confessed pedophile to "feed his sexual perversion and re-assert his power over his victim."

## **II. Analysis**

Zirus's motion to compel should be denied. Rule 37 of the Federal Rules of Civil Procedure provides a mechanism by which a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Yet a party is only entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* at 26(b)(1). In evaluating relevance and proportionality, this Court must consider "the importance of the issues at stake in the action, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* This Court has discretion to limit discovery to comply with these provisions. *See id.* at 26(b)(2). Rule 26(c) also allows a Court to limit discovery when "justice requires" to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 26(c).

Attached to Plaintiff's response are various police records containing confessions by Zirus that he used the internet to download photographs of young naked boys and that he sexually abused boys while they were in his care as a counselor at Camp Stewart. (Police Records [#70-1] at 1–5.) Zirus pleaded guilty to charges of aggravated sexual assault of a child and is currently serving a 40-year sentence associated with this conviction. (State Court Records [#70-2] at 1–28.) Aside from the various legal objections advanced by Plaintiff (such as overbreadth and undue burden) and the issues of relevance and proportionality, the Court has serious concerns with granting Zirus unfettered access to childhood photos and videos of W.L., copies of his private journals and artwork, and the contact information for W.L's friends and any person with whom he is in a romantic relationship, as well as mentors, teacher, and coaches. The Court finds that W.L.'s discovery is not appropriately tailored to the needs of this particular case, does not comply with the limits of Rule 26(a), and could result in trauma for W.L, a minor. Accordingly, the Court will deny the motion to compel.

The Court does recognize that Zirus, as a Defendant in this action, has the right to engage in proportional discovery related to the claims and defenses in the case. Accordingly, the Court in its discretion will allow Plaintiff and Zirus to engage in a first phase of discovery limited to serving requests for admission and interrogatories on each other only. Nothing in this Order should be construed as prohibiting either side from asserting appropriate objections to the requests for admission or interrogatories. After this phase has completed, if either Plaintiff or Zirus or both believe they needs documents or depositions, they can file a motion with the Court requesting same. Discovery between Plaintiff and the other Defendants to this action may proceed unfettered in compliance with the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Defendant Zirus's Motion Seeking Order to Compel Plaintiff to Produce Requested Discovery Documents and Sanction Plaintiff for Unreasonable Objections or Dismiss Plaintiff's Claims against Defendant Zirus [#69] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff and Zirus may engage in limited discovery by exchanging requests for admission and interrogatories on one another. After this stage is completed and if Plaintiff and Zirus believe they need to exchange documents or conduct depositions, they may move the Court for an order permitting such additional discovery within the discovery deadline set forth in the Court's Scheduling Order.

**IT IS FINALLY ORDERED** that discovery between Plaintiff and Camp Stewart and Camp America may proceed as generally permitted under the Federal Rules of Civil Procedure and this Court's Scheduling Order.

SIGNED this 20th day of February, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE