IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| W.L., IV, AS NEXT FRIEND OF W.L.,V, A MINOR; | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00607-FB |
| vs. | § § | |
| SCOTT ASH JAMES ZIRUS, CAMP STEWART FOR BOYS INC., AMERICAN INSTITUTE FOR FOREIGN STUDY INC., | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court is the above-styled cause of action, which was referred to the undersigned for all pretrial proceedings on August 12, 2019 [#14]. This Order concerns a discovery dispute that has arisen between Plaintiff and Defendant Scott Ash James Zirus, who is incarcerated and proceeding *pro se* in this action.

This case arises out of the alleged sexual abuse of W.L., V ("W.L.") while he attended overnight summer camp at Camp Stewart for Boys in the summer of 2009. W.L. was seven years old at the time of the events underlying this lawsuit. W.L.'s father (W.L., IV, hereinafter "Plaintiff") filed this lawsuit on behalf of his minor son against Zirus (the counselor who allegedly perpetrated the abuse), Camp Stewart for Boys ("Camp Stewart"), and the American Institute for Foreign Study d/b/a Camp America ("Camp America") (the job placement organization that hired Zirus for employment at Camp Stewart). Zirus, an Australian citizen, is currently serving a 40-year sentence after pleading guilty to sexually abusing other young boys while working at Camp Stewart in 2009.

Plaintiff alleges that Zirus repeatedly sexually abused W.L. during the camp session by crawling into W.L.'s bed at night or having W.L. join Zirus in his own bunk.  Plaintiff claims that Camp Stewart and Camp America both ignored their own stated policies of checking the references and backgrounds of all applicants for camp counselor positions. If they had done so, Plaintiff alleges that it would have been discovered that Zirus had failed to provide the required authentic references, had no work experience other than running a business that took boys on camping trips, and had blogged extensively about a religion he created espousing love between children and adults.  Plaintiff dismissed all claims against Camp America in July 2020.

A discovery dispute has arisen between Zirus and Plaintiff that requires the attention of the Court.  Because Zirus is unrepresented by counsel and incarcerated, the Court previously ordered that Plaintiff and Zirus be limited to exchanging only written discovery but that either party could move the Court for an order permitting the exchange of documents or depositions within the July 30, 2020 discovery deadline.  (*See* Joint Stipulation Extending Discovery Deadline [#90].)  The Court's Order did not so limit discovery between Plaintiff and Camp Stewart.  On August 5, 2020, Zirus filed an Advisory [#96],[1] indicating that he believes depositions are now appropriate.  The Advisory also stated that Zirus had attempted to schedule depositions with Plaintiff but had not received any response.

The Court ordered Plaintiff to file a response to the advisory on or before August 17, 2020.  Plaintiff timely filed his response [#98], stating that he had requested Zirus's deposition but Zirus had indicated he was unable to sit for a deposition due to COVID-19 restrictions at the prison unit where he is currently being housed.  Plaintiff further indicated he has also been

---

[1] Although discovery closed on July 30, 2020, Zirus preserved the issue related to the requested depositions by mailing his Advisory within the discovery period.

unable to provide dates for depositions due to the pandemic but is now available for depositions via Zoom.

The Court confirmed with the Texas Department of Criminal Justice ("TDCJ") that it is permitting depositions at Zirus's unit via videoconference using Zoom.  To facilitate the depositions sought by either party in this case, the Court ordered Zirus to provide Plaintiff with a list of witnesses he seeks to depose and include a brief description of why he believes each witness has knowledge of relevant evidence and to file the list with the Court.  The Court also ordered Plaintiff (and Camp Stewart) to file any objections to these depositions and both serve the objections on Zirus and file them with the Court.

After the Court entered this Order, Zirus filed a motion for summary judgment, which remains pending.  Zirus also timely filed his list of the witnesses he seeks to depose [#104]; Plaintiff filed his objections [#105]; and Zirus filed a reply [#106].  Zirus's filings indicate that he seeks to depose both Plaintiff and W.L.  Zirus also lists numerous other potential witnesses he might call at trial but does not indicate that he currently wishes to depose these individuals.  Zirus provides specific days and dates that he is available to sit for his own deposition.  Plaintiff objects to Zirus's request to depose W.L. on the basis that it would be traumatic for W.L. to be subjected to direct questioning about the alleged abuse.  Plaintiff does not object to sitting for his own deposition.

In response, Zirus asserts that W.L. reached the age of majority on May 18, 2020 and argues that Plaintiff should therefore be required to produce W.L., who is now an adult, for a deposition.  Zirus also emphasizes that Plaintiff chose to sue Zirus individually, and not just Camp Stewart, and therefore Zirus is a party.  Furthermore, Plaintiff chose to include Zirus in

this lawsuit with the knowledge that Zirus is incarcerated, indigent, and would likely be unable to retain counsel.

Plaintiff has lodged objections to the deposition of some of the other potential trial witnesses listed in Zirus's filing, but it would be premature for the Court to address these objections to trial witnesses (as opposed to deposition witnesses) at this time. Plaintiff has not confirmed or denied the allegation that W.L. recently turned eighteen.

<u>Depositions of Zirus and Plaintiff.</u>  The Court will permit Plaintiff to depose Zirus via videoconference. Zirus does not object to this deposition. Likewise, Plaintiff does not object to Zirus deposing him. Thus, Zirus may also depose Plaintiff. Plaintiff should work with the jail to coordinate scheduling these two depositions.

<u>Deposition of W.L.</u>  The Court is sensitive to Plaintiff's concerns regarding allowing Zirus to depose W.L., whom Zirus allegedly abused. However, Plaintiff chose to include Zirus in this lawsuit in his individual capacity. Plaintiff has not directed the Court to any on-point authority that supports the contention that the Court can and must prohibit Zirus, a Defendant, from deposing the true Plaintiff in this action as a necessary part of his defense against the claims asserted against him.

But the Court does generally have authority to limit the scope of discovery or order discovery be conducted by alternative means in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Given that Zirus has been convicted of sexually abusing other campers at Camp Stewart, there is good cause to limit his direct interactions with W.L., who, even if he is 18, is still young and has alleged that he is also one of Zirus's victims. The Court will therefore prohibit W.L. from being

deposed by oral questions. Instead, Zirus may serve W.L. with a deposition on written questions pursuant to Fed. R. Civ. P. 31.

Additionally, Plaintiff has not confirmed whether W.L. has indeed reached the age of majority. If he has, then he can sue on his own behalf, and the pleadings should be amended to add him as a party to this suit or to substitute him as the sole plaintiff. Plaintiff may, alternatively, voluntarily dismiss Zirus from this lawsuit and proceed with his claims against Camp Stewart, which could resolve any further disputes regarding W.L.'s deposition or trial testimony. If W.L. has not yet reached the age of majority, Plaintiff should file an advisory with the Court clarifying his age.

**IT IS THEREFORE ORDERED** that Plaintiff file an Amended Pleading or Advisory **within 14 days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff W.L., IV, be permitted to take the oral deposition of Zirus; that Zirus be permitted to take the oral deposition of Plaintiff W.L., IV; and that Zirus be permitted to serve W.L., V with a deposition on written questions within **30 days** of the date of this Order. In all other respects, discovery in this case is **CLOSED**.

**IT IS FURTHER ORDERED** that Plaintiff should formally notice Zirus's deposition, consulting the dates and times provided by Zirus in his filing dated August 27, 2020 [#104] and contact TDCJ to make arrangements for the deposition to be held via videoconference.

**IT IS FINALLY ORDERED** that Zirus formally notice the oral deposition of Plaintiff W.L., IV, and that Plaintiff work with TDCJ to make arrangements for this deposition to be held via videoconference as well.

**IT IS SO ORDERED.**

SIGNED this 23rd day of September, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE