IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| W.L., IV, AND W.L.,V; | § |
| *Plaintiffs,* | § SA-19-CV-00607-FB |
| vs. | § |
| SCOTT ASH JAMES ZIRUS; AND CAMP STEWART FOR BOYS INC., | § |
| *Defendants.* | § |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion for Summary Judgment [#100] filed by Defendant Scott Ash James Zirus, proceeding *pro se*. In issuing this report and recommendation on Defendant's motion, the undersigned has also considered Plaintiffs' Motion for Leave to File Sealed Document [#101], Plaintiffs' Response [#102], and Defendant's Reply [#107]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#14]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be **GRANTED IN PART**.

**I.  Background**

This case arises out of the alleged sexual abuse of W.L., V ("W.L.V") while he attended overnight summer camp at Camp Stewart for Boys in the summer of 2009. W.L.V was seven years old at the time of the events underlying this lawsuit. Plaintiff W.L.,IV, W.L.V's father ("W.L.IV"), filed this lawsuit on W.L.V's behalf against Defendant Scott Ash James Zirus

1

("Zirus") (the counselor who allegedly perpetrated the abuse), Camp Stewart for Boys ("Camp Stewart"), and the American Institute for Foreign Study d/b/a Camp America ("Camp America") (the job-placement organization that hired Zirus for employment at Camp Stewart). (Compl. [#1] at ¶¶ 1–4.) The claims against Camp America were dismissed with prejudice on July 13, 2020 [#95].

W.L.IV and W.L.V together filed an Amended Complaint against Zirus, Camp Stewart, **and Camp America** on September 28, 2020 [#109]. As previously mentioned, Camp America has already been dismissed from this lawsuit and the dismissal was with prejudice. Camp America is not named in the caption or listed in the "Parties" section. The undersigned presumes that the causes of action against Camp America in this amended pleading were included in error.

Zirus, an Australian citizen, is currently serving a 40-year sentence after pleading guilty to sexually abusing other young boys while working at Camp Stewart in 2009. (Am. Compl. [#109] at ¶10.) Plaintiffs allege that Zirus repeatedly sexually abused W.L.V during the camp session by crawling into W.L.V's bed at night or having W.L.V join Zirus in his own bunk. (*Id.* at ¶ 6.) Plaintiffs claim that Camp Stewart ignored their own stated policies of checking the references and backgrounds of all applicants for camp counselor positions. (*Id.* at ¶ 21–22.) If it had done so, Plaintiffs allege that it would have been discovered that Zirus had failed to provide the required authentic references, had no work experience other than running a business that took boys on camping trips, and had blogged extensively about a religion he created espousing love between children and adults. (*Id.* at ¶ 14, 15, 20.)

Plaintiffs are suing Zirus for aggravated sexual abuse in violation of 18 U.S.C. § 2241(c) and assert assault and intentional infliction of emotional distress claims under Texas law. Zirus

now moves for summary judgment in his favor on Plaintiffs' federal cause of action under 18 U.S.C. § 2241(c) and tort claims. The motion is ripe for the Court's review.

## II.  Legal Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Catrett*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

3

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.  However, if the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### III. Objections

Zirus objects to the use of the Kerr County Sheriff's Incident Report ("Incident Report") as summary judgment evidence.  (Def. Reply [#107] at 2.)  He argues that it is hearsay and possibly hearsay within hearsay.  (*Id.*)  Summary judgment evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.  *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).  Plaintiffs have not responded to Zirus's objections.

The Incident Report is authored by Officer Carol Twiss of the Kerr County Sherriff's Office, and it includes her findings after watching a video recording of the forensic interview between Jessica Prada, the forensic interviewer from Alliance for Children, and W.L.V.  (Incident Report [#101-2] at 10.)  Twiss also included in the report excerpts of Prada's notes from the interview.  (*Id.*)  The Incident Report, if offered to prove that Zirus sexually abused W.L.V and the nature of that abuse, is hearsay because it is an out-of-court statement offered for the truth of the matter asserted.  Fed. R. Evid. 801(c).  Hearsay is not admissible unless federal statutes, the federal rules of evidence, or rules prescribed by the Supreme Court provide otherwise.  Fed. R. Evid. 802.

There is a hearsay exception for public records. Fed. R. Evid. 803(8). A record or statement of a public office qualifies for this exception if it sets out, in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation, and the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness. *Id.* at 803(8)(a)(iii) and (b). Here, the public records exception should apply because Officer Twiss investigated the alleged abuse of W.L.V, and the Incident Report includes her factual findings from the investigation. Further, Zirus does not sufficiently show that the Incident Report lacks trustworthiness to disqualify it from the public records exception. Fed. R. Evid. 803(8)(B). Zirus argues that the report lacks trustworthiness because it is unclear who authored the report. (Def. Reply [#107] at 2.) The report itself indicates Officer Twiss authored it, because the first page of the Incident Report under "Officer Information" lists "Report" by Officer Twiss's name. (Incident Report [#101-2] at 10.) This indication and all other circumstances support a finding that the official Kerr County Sherriff's Incident Report is trustworthy.

While the Incident Report may be admissible under the public records exception, Zirus also objects to the statements within the Incident Report attributed to W.L.V as hearsay within hearsay, and Plaintiffs have not asserted that any of the exceptions to hearsay apply here. *See United States v. Dotson*, 821 F.2d 1034, 1035 (5th Cir. 1987) (holding that a witness's statement in a police report was inadmissible hearsay). The undersigned sustains this objection.

## IV. Summary Judgment Record

Construing the evidence most favorably to the non-movant Plaintiffs and disregarding the statements by W.L. contained in the Incident Report for the reasons explained above, the summary judgment record establishes the following.

In September 2017, the Kerr County Sheriff's department started investigating the alleged abused of W.L.V by Zirus. (Incident Report [#101-2] at 10.) The investigator, Officer Twiss, reviewed a recorded forensic interview of W.L.V that occurred on October 4, 2017. (*Id.*) After reviewing the interview and documents from Camp Stewart confirming W.L.V was a camper there in the summer of 2009 and that Zirus was his counselor, Officer Twiss recommended that the case be forwarded to the 198th District Attorney's Office for prosecution. (*Id.* at 14.)

Psychologist Alexandria Doyle, Ph.D., conducted an evaluation of W.L.V on April 3, 2020. (Psychological Evaluation Report [#101-2] at 19.) Dr. Doyle reported that W.L.V has significant emotional problems proximally related to sexual abuse at Camp Stewart. (*Id.* at 22.) She reported further that W.L.V has significant symptoms of anxiety and depression, and that he is insecure, pessimistic, often angry, and fearful of losing control. (*Id.*) The emotional distress W.L.V experiences as a result of the abuse has caused W.L.V to have significant difficulty engaging in gratifying interpersonal relationships and to struggle in school with difficulties including lack of concentration, attention, and drive. (*Id.* at 23.)

On August 20, 2009, Zirus confessed to molesting two young boys at Camp Stewart during July of 2009. (Confession [#102-1] at 2.) Plaintiffs proffered Zirus's confession as evidence that the alleged acts Plaintiffs claim Zirus committed on W.L.V are consistent with those Zirus confessed to performing on two other young boys who were residents of the same cabin as W.L.V in July 2009. (Pl. Response [#102] at 5.)

On May 25, 2020, Zirus submitted answers to Plaintiffs' first set of interrogatories. (Zirus's Answers [#102-2] at 2.) In his answers, he did not admit to anything related to the alleged sexual abuse of W.L.V and asserted his Fifth Amendment right against self-

6

incrimination. (*Id*. at 3.) Plaintiffs proffered Zirus's assertion of his Fifth Amendment right against self-incrimination, arguing that, "Presumably, [Zirus] would not have felt it necessary to refuse to testify and answer questions about his intent if his actions were not criminal." (Pl. Response [#102] at 6.)

Zirus is currently serving a 40-year sentence after pleading guilty to sexually abusing other young boys at Camp Stewart in 2009.[1]

### V. Analysis

The Court should grant Zirus's motion for summary judgment on W.L.IV's claims. Because W.L.V has reached the age of majority, W.L.IV's authority to assert claims on behalf of W.L.V has been extinguished. The Court should also grant Zirus's motion for summary judgment on W.L.V's claim for intentional infliction of emotional distress but deny it on W.L.V's claims under 18 U.S.C. § 2241(c) and for assault.

**A.  W.L.IV can no longer sue as next friend of W.L.V.**

To the extent that W.L.IV is still asserting tort claims and claim under 28 U.S.C. §2241(c) against Zirus on behalf of W.L.V, Zirus is entitled to summary judgment on those claims. During the parties' discovery dispute, the undersigned was alerted that W.L.V may have reached the age of majority. The undersigned then instructed the parties that if W.L.V had indeed reached the age of majority, an Amended Complaint naming W.L.V as a plaintiff should be filed; if he had not, an advisory clarifying that W.L.V had not yet reached the age of majority should be filed [#108]. The Amended Complaint filed thereafter names both W.L.IV (no longer

---

[1] The undersigned takes judicial notice that on April 27, 2010, Zirus was convicted (1) in Kerr County cause no. B09490 for one count of indecency with a child and sentenced to serve a 20-year term of incarceration; (2) in Kerr County cause no. B09552 for two counts of aggravated sexual assault of a child and sentenced to serve two 40-year terms of incarceration; and (3) in Kerr County cause no. B09553 for one count of continuous sexual abuse of a child and sentenced to serve a 40-year term of incarceration. Zirus is serving these sentences concurrently.

as "next friend") and W.L.V as plaintiffs [#109]. Yet the causes of action asserted against Zirus by both W.L.IV and W.L.V, which are the subject of the pending motion for summary judgment and this Report and Recommendation, are causes of action that belong only to W.L.V only. W.L.IV can and has sued the camp for negligence and other causes of action based on harm he himself allegedly suffered, but the Amended Complaint does not plead any facts that would give rise to a cause of action by W.L.IV against Zirus, and W.L.IV can no longer sue as W.L.V's next friend.

Under Rule 17 of the Federal Rules of Civil Procedure, a parent or guardian may sue as next friend on behalf of a minor who does not have capacity to sue on his own. "The real party in interest always remains the minor plaintiff. Upon attainment of majority age[,] the former minor may discontinue the suit or continue the suit in her own name." *D.B. v. Mass*, CIV.A.SA-05-CA0239XR, 2005 WL 2896460, at *1 (W.D. Tex. Nov. 1, 2005). Thus, the guardian's ability to sue is dependent upon the real party remaining a minor. *Id*. "State law controls the question whether the represented party's disability has ended during the action," and so once the real party attains the age of majority, the guardian loses authority to maintain the suit on behalf of the former minor. *Id*. (citing 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1570 (2d ed. 1987); *Spell v. William Cameron & Co*., 131 S.W. 637 (Tex. Civ. App. 1910); and *Oliver v. Dallas Indep. Sch. Dist.*, 2003 WL 22272304, at *3 (N.D. Tex. Sep. 29, 2003)).

The age of majority in Texas is 18. *See* Tex. Civ. Prac. & Rem. Code § 129.001. Thus, once W.L.V turned 18, W.L.IV no longer had authority to sue Zirus as next friend on W.L.V's behalf. Thus, as there is also no evidence in the record supporting a claim by W.L.IV against Zirus for harms W.L.IV himself suffered, Zirus is entitled to summary judgment on any claims W.L.IV is asserting against him.

**B.      There is sufficient evidence to generate a material issue of fact precluding summary judgment on W.L.V's claim under 18 U.S.C. § 2241(c).**

Zirus moves for summary judgment on Plaintiffs' claim under 18 U.S.C. § 2241(c), arguing that there are "no relevant references" in any deposition, answers to interrogatories, or admissions that Zirus's acts constitute a "sexual act" as defined under the statute and that Plaintiffs' factual allegations are conclusory. Zirus's motion should be denied as to this cause of action.

Federal law creates a civil private right of action to any victim suffering personal injury from the acts of an individual who crosses state lines with the intent to engage in a sexual act with a minor under age 12. 18 U.S.C. § 2241(c) (setting forth elements of aggravated sexual abuse of a child); 18 U.S.C. § 2255(a) (providing for a private right of action to remedy violations of 18 U.S.C. § 2241(c)). The term "sexual act" is defined, among other definitions, as:

> the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person . . . .

18 U.S.C.A. § 2246(2)(D). Zirus argues that Plaintiffs do not establish whether the alleged touching was skin-to-skin as required to constitute a "sexual act," and in the absence of such evidence there is no genuine issue of material fact.

The Court should reject Zirus's argument. There is sufficient evidence in the record that would allow a fact finder to conclude that Zirus committed a sexual act against W.L.V as defined by 18 U.S.C.A. § 2246(2)(D). Zirus has been convicted of sexually molesting campers at the same camp that W.L.V attended in 2009. A police investigation concluded Zirus should be prosecuted for the sexual abuse of W.L.V, and the examining psychologist documented symptoms in W.L.V consistent with being sexually abused. Zirus has invoked the Fifth

Amendment in response to interrogatories related to the specific sexual abuse allegations against him in this case, and a reasonable juror could infer that he therefore in fact abused W.L.V in the manner described in the interrogatories. *See Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008) ("[A]lthough a jury in a criminal case is not permitted to draw adverse inferences based on a defendant's invocation of his Fifth Amendment rights, it is well-settled that 'the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.'" (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976))). Given the foregoing, material issues of fact preclude awarding summary judgment to Zirus on W.L.V's claim against him.

**C.     There is sufficient evidence to generate a material issue of fact precluding summary judgment on W.L.V's assault claim.**

Zirus also seeks summary judgment in his favor on Plaintiffs' assault and battery claim. In Texas, the Penal Code "combines common-law concepts of assault and battery under the definition of 'assault,'" and civil courts have looked to this definition to define the tort's elements, merging the two concepts "under the rubric of assault." *City of Watauga v. Gordon*, 434 S.W.3d 586, 589–90 (Tex. 2014) (citing Tex. Pen. Code § 22.01(a) and noting the "second alternative definition mirrors the traditional notion of common-law assault, while the first and last alternatives correspond to separate forms of common-law battery."). Thus, a person commits the tort of assault if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) causes physical contact with another when the person knows or should reasonably know that the other will regard that contact as offensive or provocative. Tex. Pen. Code § 22.01(a). In this case, the same evidence that precluded awarding summary judgment on the 18 U.S.C. § 2241(c) claim would allow a rational fact finder to conclude that Zirus caused physical contact

10

with W.L.V that Zirus knew or should have known would be offensive or provocative. Thus, Zirus's motion for summary judgment on W.L.V's assault claim should be denied.

### D. Zirus's motion should be granted with regard to W.L.IV's IIED claim, which fails as a matter of law.

Zirus argues that there is a "dearth of evidence" that W.L.V suffered severe emotional distress and that he is therefore entitled to summary judgment on W.L.V's IIED claim. That argument fails as there is sufficient evidence of W.L.V's distress in the record. But the IIED claim fails for another reason: it is precluded as a matter of law.

Texas law recognizes the tort of IIED. *Twyman v. Twyman*, 855 S.W.2d 619, 621–22 (Tex. 1993). But the Texas Supreme Court has limited the availability of the IIED tort, calling it a "'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005); *see also Noack v. YMCA of Greater Houston Area*, 418 Fed. App'x 347, 353 (5th Cir. 2011). If a plaintiff's complaints are covered by other statutory or common law remedies, a plaintiff cannot assert them as IIED claims, even in instances where the other remedies are barred. *Creditwatch*, 157 S.W.3d at 816. "[Intentional infliction of emotional distress] was never intended as an easier and broader way to pursue claims already protected by our expanding civil and criminal laws." *Id*. at 818.

Here, W.L.V has asserted claims for assault and under 18 U.S.C. § 2241(c) against Zirus stemming from the same acts and conduct as provide the basis for his IIED claim. As a "gap-filler" tort, IIED was created for the "limited purpose of allowing recovery in those rare instances where a defendant inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffman–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). If instead "the gravamen of a plaintiff's complaint is really another tort," then

11

IIED "should not be available." *Id.* Thus, the Court must determine whether an IIED claim is fulfilling its "gap-filler" purpose by whether the same conduct alleged to give rise to the IIED claim would also give rise to other statutory or common-law claims. If so, then the IIED claim would be duplicative of the statutory or common-law claim and thus fail to serve as a "gap-filler." "If the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Id.* at 448. In this case, W.L.V's IIED claim does not serve any gap-filler purpose. The same conduct by Zirus alleged to give rise to the IIED claim is also alleged to give rise to W.L.V's assault and 18 U.S.C. § 2241(c) claims. Also, W.L.V seeks identical relief, namely monetary damages, for these three claims. Therefore, W.L.V's IIED claim is precluded, and the Court should award Zirus summary judgment on this claim.

## VI.  Conclusion and Recommendation

Having considered Zirus's motion, the response and reply thereto, the pleadings, and governing law, the undersigned recommends that the Motion for Summary Judgment [#100] filed by Defendant Scott Ash James Zirus be **GRANTED IN PART**. Zirus should be awarded summary judgment on the claims asserted against him by Plaintiff W.L.IV and on Plaintiff W.L.V's intentional infliction of emotional distress claim. But the motion should be denied in all other respects, and Plaintiff W.L.V's assault and 18 U.S.C. § 2241(c) claims should proceed to trial.

## VII.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 12th day of November, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE