IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| W.L., IV, AND W.L.,V, | § § § | |
| *Plaintiffs,* | § § | SA-19-CV-00607-FB |
| vs. | § § § | |
| SCOTT ASH JAMES ZIRUS, CAMP STEWART FOR BOYS INC., | § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled and numbered cause of action is Defendant Zirus's Motion to Appoint Counsel [#114], the second such motion Zirus has filed in this case. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#14]. By his motion, Zirus requests the appointment of an attorney to represent him in this case. Having considered the motion, Plaintiff's Response [#116], and Zirus's Reply [#118], the Court will deny Zirus's request for counsel at this time but without prejudice to refiling such a motion if this case proceeds to trial.

As the Court previously explained, there is no automatic right to the appointment of counsel in a civil lawsuit. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Rather, a district court has discretion to appoint counsel based on the type and complexity of the case presented and the abilities of the individual pursuing it. *Id.*; *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). A district court is not required to appoint counsel in the absence of "exceptional circumstances" indicating it would be an abuse of discretion not to do so. *Cupit*, 835 F.2d at 86.

1

Zirus has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate due to the nature of this case and his relative abilities to present his claims in this Court. Indeed, as the Court previously noted, Zirus has demonstrated an ability to represent himself and his interests beyond the capabilities of some licensed attorneys practicing in this Court. Accordingly, the appointment of counsel is not warranted at this time. As the Court noted before, if this case proceeds to trial, Zirus may file a motion for the appointment of trial counsel.

**IT IS THEREFORE ORDERED** that Zirus's Motion for Appointment of Counsel [#114] is **DENIED.**

SIGNED this 12th day of November, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE